**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1697**

REINA ELIZABETH MORALES-ALDANA, a/k/a Reyna Morales-Santana,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 30, 2019                    Decided: September 13, 2019

Before KEENAN and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and denied in part by unpublished per curiam opinion.

Jaime Winthuyzen Aparisi, Silver Spring, Maryland, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Kohsei Ugumori, Senior Litigation Counsel, Sarah K. Pergolizzi, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reina Elizabeth Morales-Aldana, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the Immigration Judge's denial of her requests for withholding of removal and protection under the Convention Against Torture (CAT).

Morales-Aldana first contends that agency lacked jurisdiction over her removal proceedings because the notice to appear that was filed with the immigration court did not indicate the time and place for her hearing. *See* 8 C.F.R. § 1003.14(a) (2019); *see also* 8 C.F.R. § 1003.13 (2019) (listing a "notice to appear" as one of the charging documents satisfying § 1003.14(a)); 8 U.S.C. § 1229(a)(1)(G)(i) (2012) (listing "[t]he time and place at which [removal] proceedings will be held" as required contents of a "notice to appear"). She relies on the Supreme Court's decision in *Pereira v. Sessions,* 138 S. Ct. 2105 (2018) (holding that notice to appear that fails to designate specific time or place of removal proceeding does not trigger stop-time rule ending alien's continuous presence period for purposes of cancellation of removal).

We recently rejected this same basic claim in *United States v. Cortez*, 930 F.3d 350 (4th Cir. 2019) (holding that the failure of a notice to appear to include a date and time for petitioner's removal hearing "does not implicate the immigration court's adjudicatory authority or 'jurisdiction'"). First, we explained in *Cortez*, § 1003.14(a) is "a docketing rule" lacking jurisdictional significance, meaning that a violation of that rule would not deprive an immigration court of authority to adjudicate a case. *Id*. at 362. A claim that § 1003.14(a) has been violated may thus be forfeited, as it was here, when Morales-Aldana

failed to exhaust her claim by objecting to the notice to appear before the agency. *See* 8 U.S.C. § 1252(d)(1) (2012) (stating that we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right"). Second, as we further explained in *Cortez*, Morales-Aldana is in any event wrong on the merits: whether a case is properly docketed with the immigration court under § 1003.14(a) turns on whether the notice filed with the immigration court satisfies the distinct requirements set out at 8 C.F.R. § 1003.15(b), (c) (2019), which do not mandate inclusion of the hearing date and time. *Cortez*, 930 F.3d at 363-64.[*] The notice filed with the immigration court in Morales-Aldana's case conformed to that regulatory definition, meaning that her claim would fail on the merits even if it were properly preserved. We therefore dismiss the petition for review in part with respect to this claim.

Turning to Morales-Aldana's challenges to the denial of withholding of removal and protection under the CAT, we have thoroughly reviewed the record, including the transcript of Morales-Aldana's merits hearing and all supporting evidence. We conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision, *see Gomis v. Holder,* 571 F.3d 353, 359 (4th Cir. 2009); *Dankam v. Gonzales,* 495 F.3d 113, 124 (4th Cir. 2007). Accordingly, we deny this portion of the

---

[*] The statutory provision on which Morales-Aldana relies, 8 U.S.C. § 1229(a), is concerned with the issue of notice to noncitizens and has no bearing on whether a notice filed with an immigration court properly commences proceedings under 8 C.F.R. § 1003.14(a). *Cortez*, 930 F.3d at 363-66.

petition for review for the reasons stated by the Board. *In re Morales-Aldana,* (B.I.A. May 22, 2018).

We therefore dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*DENIED IN PART*

4